```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
NATHANIEL COOK,

                Petitioner,            MEMORANDUM & ORDER
                                       06-CV-1433 (JS)
        -against-

CARL HUNT,

                Respondent.
----------------------------------X
APPEARANCES
For Petitioner:   Nathaniel Cook, pro se
                  02 R 6525
                  Wyoming Correctional Facility
                  P.O. Box 501
                  Attica, NY 14011

For Respondent:   Rosalind C. Gray, Esq.
                  Suffolk County District Attorney's Office
                  200 Center Drive
                  Riverhead, NY 11901
```

SEYBERT, District Judge:

On March 24, 2006, Nathaniel Cook ("Petitioner" or "Cook") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he received an "illegal and unauthorized sentence." Petitioner argues that he was denied equal protection and due process of law" because the trial court imposed multiple punishments for a single act. For the reasons set forth below, Cook's petition for a writ of habeas corpus is denied in its entirety.

## BACKGROUND

On March 1, 2002, Suffolk County Police Officers James Zappulla and James Stapleton ordered Petitioner to pull over after they observed Petitioner driving westbound in an eastbound lane.

A pursuit ensued after Petitioner failed to obey the officers' commands, and ended when Petitioner hit his vehicle into Officer Zappulla's car. Petitioner then exited his vehicle and fled on foot; the officers chased Petitioner and ultimately subdued him, but only after incurring injuries. Officer Zappulla suffered a torn rotator cuff and Officer Singleton incurred a severed tendon in his hand when Petitioner bit him.

Petitioner was charged with two counts of Assault in the Second Degree, Criminal Mischief in the Third Degree, Driving while Intoxicated, Reckless Driving, and various other Vehicle and Traffic violations. Petitioner plead guilty to two counts of Attempted Assault in the Second Degree and Driving While Intoxicated as a Misdemeanor.

On December 3, 2002, Petitioner was sentenced to two consecutive terms of two to four years on both counts of Attempted Assault in the Second Degree and one year on the misdemeanor Driving While Intoxicated to run concurrently with the assault counts. Petitioner did not appeal.

On June 23, 2004, Petitioner filed a motion pursuant to New York Criminal Procedure Law §440.20 to set aside his sentence. The Suffolk County Court denied Petitioner's application, and on January 18, 2005, the Appellate Division, Second Department, denied Petitioner's application for leave to appeal. Petitioner sought leave to appeal from the New York Court of Appeals, and on February

22, 2005, the Court of Appeals denied Petitioner's application. On March 24, 2006, Petitioner filed the instant petition for a writ of habeas corpus.

DISCUSSION

I. Petitioner's Writ is Untimely

The one year statute of limitations under the AEDPA applies to all state convictions that became final after April 24, 1996. See 28 U.S.C. § 2244(d)(1); Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 48 (1997).

> The AEDPA limitations period runs from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The habeas corpus statute requires prisoners to file habeas corpus petitions within one year of their convictions becoming final. 28 U.S.C. § 2244(d)(1)(A). Here, Petitioner was

sentenced on December 3, 2002. Thereafter, Petitioner had thirty days, or until January 2, 2003, to appeal his sentence. Petitioner failed to do so. Accordingly, Petitioner's conviction became final on January 2, 2003, when the time for seeking direct review expired. See Bowers v. Napoli, No. 08-CV-2980, 2008 U.S. Dist. LEXIS 59090, at * 5-6 (E.D.N.Y. July 31, 2008). Therefore, Petitioner had 365 days from January 2, 2003, or until January 2, 2004, to file his petition for a writ of habeas corpus. Cook's petition, filed on March 24, 2006, was filed over two years late.

The AEDPA provides for the tolling of the one-year limitations period for that "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." See 28 U.S.C. § 2244(d)(2). However, Petitioner did not file a 440.20 motion until June 23, 2004, after the time for filing his petition for a writ of habeas corpus expired, and therefore this motion did not toll the limitations period.

## II. The Factual Predicate Exception

The AEDPA does, however, provide several exceptions to the one year from finality of judgment limit. The exceptions do not toll the limitations period; rather, they "reset the limitations period's beginning date, moving it from the time when the conviction became final . . . to the later date on which the particular claim accrued." Wims v. United States, 225 F.3d 186,

4

190 (2d Cir. 2000). One such exception restarts the statute of limitations period from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner has not made any argument with respect to the factual predicate exception.

III. Equitable Tolling does not Apply in this Case

The only issue then is whether the doctrine of equitable tolling excuses the Petitioner's failure to comply with the time limitations. "Equitable tolling applies only in the rare and exceptional circumstance." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks and citation omitted). To invoke the doctrine, a petitioner must show that (1) "extraordinary circumstances prevented him from filing his petition on time," and (2) he "acted with reasonable diligence throughout the period he seeks to toll." Id. (citation omitted). Petitioner does not make any arguments with respect to equitable tolling, and the Court does not find any basis to apply this doctrine. Thus, the Court dismisses the petition as untimely.

IV. A Certificate of Appealability is Denied

The Court will not issue a certificate of appealability in this case. Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C § 2253. The issues involved in this case are not debatable among reasonable jurors, a

court could not resolve the issues in a different manner, and the questions involved do not deserve encouragement to proceed further. See <u>Lucidore v. N.Y. State Div. of Parole</u>, 209 F.3d 107, 112 (2d Cir. 2000).

## CONCLUSION

This Court denies Petitioner's writ of habeas corpus as untimely. The Court will not issue a certificate of appealability. The Clerk of the Court is ordered to mark this matter as CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  Central Islip, New York
        December 1, 2009